UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRADLEY ACALEY, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> VIMEO, INC., <br><br> Defendant. | Case No. 19 cv 7164 |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446, Defendant Vimeo, Inc. ("Defendant") hereby provides notice of removal of this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois. In support of this Notice of Removal, Defendant states as follows:

1. On September 20, 2019, Plaintiff Bradley Acaley ("Plaintiff") filed a putative class action complaint against Defendant in the Circuit Court of Cook County, Illinois, captioned *Bradley Acaley v. Vimeo, Inc.*, No. 2019CH10873 (the "State Court Action").

2. Defendant was served with a copy of the summons and complaint in the State Court Action on October 1, 2019.

3. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) because it is filed within 30 days of the date that Defendant was served with the initial pleading.

4. Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders that have been filed and served in the State Court Action are attached hereto as Exhibit 1.

5. Plaintiff alleges that Defendant violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), through the use of face geometry-scan technology. (Ex. 1,

("Compl.") ¶¶ 46–51.) Specifically, Plaintiff alleges that Defendant acquired Magisto, a mobile app for automated video editing and production, in 2019. (Compl. ¶ 20.) He further alleges that Defendant collects, captures, receives, uses, stores, or obtains Magisto users' allegedly biometric information (face geometry scans) in photos and/or videos uploaded to Magisto from within the state of Illinois without first obtaining a written release or publishing a retention schedule or guidelines for permanently destroying the information. (Compl. ¶¶ 46–50.) Based on those allegations, Plaintiff asserts one count for alleged violation of BIPA, in both his individual and representative capacity. (Compl. ¶¶ 43–52.)

I.     **Class Action Fairness Act Jurisdiction Pursuant to 28 U.S.C. § 1332(d)**

6.     Removal is proper under 28 U.S.C. § 1332(d) because the United States District Courts have original jurisdiction over any class action: (i) involving a putative plaintiff class of 100 or more members; (ii) where at least one member of the plaintiff class is a citizen of a State different from any defendant, and (iii) in which the matter in controversy exceeds (in the aggregate) the sum or value of $5 million, exclusive of interest and costs. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) ("CAFA's provisions should be read broadly.").[1] Here, all three conditions are satisfied.

7.     Plaintiff estimates the number of persons within the Class to be "substantial, believed to amount to *thousands* of persons." (Compl. ¶ 39) (emphasis added).

8.     The Class must contain at least two thousand people to constitute "thousands" of persons. Accordingly, the Class involves 100 or more members as required by 28 U.S.C. § 1332(d)(5)(B).

---

[1]     By arguing that this matter is removable under 28 U.S.C. § 1332(d), Defendant does not waive any argument that this matter is improper for class certification and all such arguments are expressly reserved.

9. According to the allegations in the Complaint, Plaintiff is, and was at all relevant times, a resident and citizen of Illinois. (Compl. ¶ 7.)

10. Defendant is a Delaware corporation with its headquarters and principal place of business in New York, New York.

11. Because Plaintiff is a citizen of Illinois and Defendant is a citizen of Delaware and New York, at least one member of the class of plaintiffs is a citizen of a State different from the defendant as required by 28 U.S.C. § 1332(d)(2)(A).

12. Because Defendant is not a citizen of the State in which the action was originally filed, removal is proper under 28 U.S.C. §§ 1332(d)(3)–(4).

13. Plaintiff seeks "statutory damages of $5,000.00 for each and every intentional and reckless violation of BIPA . . . or alternatively, statutory damages of $1,000.00 . . . if the Court finds that Vimeo's violations were negligent," "injunctive and other equitable relief," "reasonable litigation expenses and attorneys' fees," "pre- and post-judgment interest," and other unspecified relief. (Compl., Prayer for Relief) (emphasis added).

14. For purposes of assessing the amount in controversy, Plaintiff's allegations are accepted as true. *See, e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (noting it does not matter, for purposes of the amount in controversy, that "the complaint discloses the existence of a valid defense to the claim").

15. Because Plaintiff is seeking statutory damages of up to $5,000.00 for each alleged violation in addition to litigation expenses, attorneys' fees, interest, and other unspecified relief, and alleges that the number of persons within the class amount to "thousands" of persons—which

must be at least two thousand people—the amount in controversy exceeds $5,000,000 as required by 28 U.S.C. § 1332(d)(2).[2]

16. This matter satisfies all requirements of 28 U.S.C. § 1332(d) and is therefore removable under the Class Action Fairness Act of 2005.

**II. Venue**

17. Venue is proper in the Chicago Division of the Northern District of Illinois, because the State Court Action is pending within the jurisdictional confines of this Court. 28 U.S.C. § 1446(a).

18. Defendant will provide written notice of the filing of this Notice of Removal to Plaintiff and the Circuit Court of Cook County.

WHEREFORE, Defendant Vimeo, Inc. hereby removes this civil action to this Court on the bases identified above.

Dated: October 31, 2019          VIMEO, INC.

By: /s/ Bonnie Keane DelGobbo

Bonnie Keane DelGobbo (bdelgobbo@bakerlaw.com)
**BAKER & HOSTETLER LLP**
One North Wacker Drive, Suite 4500
Chicago, Illinois 60606-2841
Telephone: (312) 416-6200

Paul Karlsgodt (pkarlsgodt@bakerlaw.com)
**BAKER & HOSTETLER LLP**
1801 California Street, Suite 4400
Denver, Colorado 80202-2662
Telephone: (303) 764-4013

Joel Griswold (jcgriswold@bakerlaw.com)
Erin M. Sales (*pro hac vice* forthcoming)
**BAKER & HOSTETLER LLP**

---

[2] Assuming each class member only uploaded one photo and/or video and there were two-thousand class members, the amount in controversy would be $10,000,000 exclusive of attorneys' fees and costs.

4

SunTrust Center
200 South Orange Avenue, Suite 2300
Orlando, Florida 32801-3432
Telephone: (407) 649-4088

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that she caused a true copy of the foregoing **Notice of Removal** to be served on counsel of record via First Class U.S. Mail and email on October 31, 2019, to:

    Myles McGuire
    Jad Sheikali
    Timothy P. Kingsbury
    **McGuire Law, P.C.**
    55 West Wacker Drive, 9th Floor
    Chicago, Illinois 60601
    mmcguire@mcgpc.com
    jsheikali@mcgpc.com
    tkingsbury@mcgpc.com

    Tina Wolfson
    Bradley King
    **AHDOOT & WOLFSON, PC**
    10728 Lindbrook Drive
    Los Angeles, California 90024
    twolfson@ahdootwolfson.com
    bking@ahdootwolfson.com

    Frank S. Hedin
    **HEDIN HALL LLP**
    1395 Brickell Avenue, Suite 900
    Miami, Florida 33131
    fhedin@hedinhall.com

    *Counsel for Plaintiff and*
    *the Putative Class*

                                               /s/ Bonnie Keane DelGobbo