# Exhibit 1

**12-Person Jury**

Return Date: No return date scheduled
Hearing Date: 1/21/2020 9:30 AM - 9:30 AM
Courtroom Number: 2301
Location: District 1 Court
    Cook County, IL

FILED
9/20/2019 9:24 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH10873
6648765

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

FILED DATE: 9/20/2019 9:24 AM 2019CH10873

BRADLEY ACALEY, individually and on
behalf of all others similarly situated,

          Plaintiff,

    v.

VIMEO, INC., a Delaware corporation,

**Serve Registered Agent:**
[The Corporation Trust Conpany, Corporation Trust
Center, 1209 Orange St., Wilmington, DE 19801]

          Defendant.

Case No.

(JURY TRIAL DEMANDED)

## CLASS ACTION COMPLAINT

Plaintiff Bradley Acaley ("Plaintiff"), individually and on behalf of all others similarly situated,

brings this Class Action Complaint for violations of the Illinois Biometric Information Privacy Act,

740 ILCS 14/1, *et seq.* ("BIPA"), against Vimeo, Inc. ("Vimeo"), and alleges as follows based on

personal knowledge as to himself, on the investigation of his counsel and the advice and consultation

of certain third-party agents as to technical matters, and on information and belief as to all other

matters, and demands trial by jury:

### NATURE OF ACTION

1.      Plaintiff brings this action for damages and other legal and equitable remedies

resulting from the illegal actions of Vimeo in collecting, storing, and using Plaintiff's and other

FILED DATE: 9/20/2019 9:24 AM   2019CH10873

similarly situated individuals' biometric identifiers[1] and biometric information[2] (collectively, "biometrics") without informed written consent, in direct violation of BIPA.

2.      The Illinois Legislature has found that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id.*

3.      In recognition of these concerns over the security of individuals' biometrics—particularly in the City of Chicago, which was recently selected by major national corporations as a "pilot testing site[] for new applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias" (740 ILCS 14/5(b))—the Illinois Legislature enacted the BIPA, which provides, *inter alia*, that a private entity like Vimeo may not obtain and/or possess an individual's biometrics unless it: (1) informs that person in writing that biometric identifiers or information will be collected or stored, *see id.*; (2) informs that person in writing of the specific purpose and length of term for which such biometric identifiers or biometric information is being collected, stored and used, *see id.*; (3) receives a written release from the person for the collection of his or her biometric identifiers or information, *see id.*; and (4) publishes publicly available written retention schedules and guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a).

---

[1]   A "biometric identifier" is any personal feature that is unique to an individual, including fingerprints, iris scans, DNA and "face geometry," among others.

[2]   "Biometric information" is any information captured, converted, stored, or shared based on a person's biometric identifier used to identify an individual.

FILED DATE: 9/20/2019 9:24 AM   2019CH10873

4.      In direct violation of each of the foregoing provisions of § 15(a) and § 15(b) of the BIPA, Vimeo is actively collecting, storing, and using—without providing notice, obtaining informed written consent or publishing data retention policies—the biometrics of thousands of unwitting individuals throughout the country whose faces appear in photographs and/or videos uploaded to the Magisto "smart video editor" application in Illinois.

5.      Specifically, Vimeo has created, collected and stored, in conjunction with its cloud-based Magisto service, thousands of "face templates" (or "face prints")—highly detailed geometric maps of the face—from thousands of Magisto users. Vimeo creates these templates using sophisticated facial recognition technology that extracts and analyzes data from the points and contours of faces that appear in photos and videos taken on mobile devices and uploaded to the Magisto app. Each face template that Vimeo extracts is unique to a particular individual, in the same way that a fingerprint or voiceprint uniquely identifies one and only one person.

6.      Plaintiff brings this action individually and on behalf of all others similarly situated to prevent Vimeo from further violating the privacy rights of Magisto users, and to recover statutory damages for Vimeo's unauthorized collection, storage, and use of these individuals' biometrics in violation of the BIPA.

## PARTIES

7.      Plaintiff is, and has been at all relevant times, a resident and citizen of Illinois.

8.      Vimeo is a Delaware corporation with its headquarters at 555 West 18th Street, New York, New York 10011. Accordingly, Vimeo is a citizen of the states of Delaware and New York.

## JURISDICTION AND VENUE

9.      This is a class action complaint for violations of BIPA (740 ILCS 14/1, *et seq.*), seeking statutory and actual damages.

FILED DATE: 9/20/2019 9:24 AM   2019CH10873

10.     No federal question is presented by this complaint. Plaintiff brings this complaint solely under state law and not under federal law, and specifically not under the United States Constitution, nor any of its amendments, nor under 42 U.S.C. § 1981 or 1982, nor any other federal statute, law, rule, or regulation. Plaintiff believes and alleges that a cause of action exists under state law for the conduct complained of herein.

11.     This class action is brought on behalf of only Illinois citizens residing within the State of Illinois whose biometric information was uploaded to Vimeo within the State of Illinois.

12.     Venue is proper under 735 ILCS 5/1-108 and 2-101 of the Illinois Code of Civil Procedure, as a substantial portion of the transactions giving rise to the causes of action pleaded herein occurred in Cook County. Specifically, upon information and belief, Vimeo's collection of Plaintiff's and numerous other class members' biometric information occurred within Cook County, Illinois.

## FACTUAL BACKGROUND

### I.     Biometric Technology Implicates Consumer Privacy Concerns

13.     "Biometrics" refers to unique physical characteristics used to identify an individual. One of the most prevalent uses of biometrics is in facial recognition technology, which works by scanning a human face or an image thereof, extracting facial feature data based on specific "biometric identifiers" (*i.e.*, details about the face's geometry as determined by facial points and contours), and comparing the resulting "face template" (or "faceprint") against the face templates stored in a "face template database." If a database match is found, an individual may be identified.

14.     The use of facial recognition technology in the commercial context presents numerous consumer privacy concerns. During a 2012 hearing before the United States Senate Subcommittee on Privacy, Technology, and the Law, U.S. Senator Al Franken stated that "there is nothing inherently right or wrong with [facial recognition technology, but] if we do not stop and

4

FILED DATE: 9/20/2019 9:24 AM 2019CH10873

carefully consider the way we use [it], it may also be abused in ways that could threaten basic aspects of our privacy and civil liberties."[3] Senator Franken noted, for example, that facial recognition technology could be "abused to not only identify protesters at political events and rallies, but to target them for selective jailing and prosecution."[4]

15.     The Federal Trade Commission ("FTC") has raised similar concerns and recently released a "Best Practices" guide for companies using facial recognition technology.[5] In the guide, the Commission underscores the importance of companies obtaining affirmative consent from consumers before extracting and collecting their biometric identifiers and biometric information from digital photographs.

16.     As explained below, Vimeo failed to obtain consent from anyone when it introduced its facial recognition technology. Not only do the actions of Vimeo fly in the face of FTC guidelines, they also violate the privacy rights of individuals appearing in photos and videos uploaded to Magisto in Illinois.

## II.     Illinois's Biometric Information Privacy Act

17.     In 2008, Illinois enacted BIPA due to the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information." Illinois House Transcript, 2008 Reg. Sess. No. 276. BIPA makes it unlawful for a company to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers[6] or biometric information, unless it first:

---

[3]   *What Facial Recognition Technology Means for Privacy and Civil Liberties: Hearing Before the Subcomm. on Privacy, Tech. & the Law of the S. Comm. on the Judiciary*, 112th Cong. 1 (2012), *available at* https://www.eff.org/files/filenode/jenniferlynch_eff-senate-testimony-face_recognition.pdf (last visited Mar. 1, 2016).
[4]   *Id.*
[5]   *Facing Facts: Best Practices for Common Uses of Facial Recognition Technologies*, Federal Trade Commission (Oct. 2012), *available at* http://www.ftc.gov/sites/default/files/documents/reports/facing-facts-best-practices-common-uses-facial-recognition-technologies/121022facialtechrpt.pdf (last visited Mar. 1, 2016).
[6]   BIPA's definition of "biometric identifier" expressly includes information collected about the geometry of the face (i.e., facial data obtained through facial recognition technology). *See* 740 ILCS 14/10.

FILED DATE: 9/20/2019 9:24 AM    2019CH10873

> (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;

> (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

> (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative."

740 ILCS 14/15 (b).

18.     Section 15(a) of BIPA also provides:

> A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

740 ILCS 14/15(a).

19.     As alleged below, Vimeo's practices of collecting, storing, and using Magisto users' biometric identifiers and information derived from photographs and/or videos uploaded in Illinois without informed written consent violate all three prongs of § 15(b) of BIPA. Vimeo's failure to provide a publicly available written policy regarding their schedule and guidelines for the retention and permanent destruction of individuals' biometric information also violates § 15(a) of BIPA.

### III.    Vimeo Violates Illinois's Biometric Information Privacy Act

20.     In 2009, Magisto was founded and released as a mobile app for automated video editing and production. In 2019, Vimeo acquired Magisto. Users of Magisto upload millions of videos and/or photos per day, making videos and photographs a vital part of the Magisto experience.

FILED DATE: 9/20/2019 9:24 AM    2019CH10873

21.    On the Magisto webpage entitled, "How Does Magisto Video Editor Work?", Vimeo touts its so-called "artificial intelligence engines" that intuitively analyze and edit video content. As part of its artificially-intelligent algorithms, Vimeo claims that Magisto employs facial detection and recognition technology: "On the visual side of things, we analyze everything from in-frame action to camera motion, **face detection** and indexing, object detection and tracking, **facial recognition and more**." *See* https://www.magisto.com/how-it-works (last visited Aug. 27, 2019) (emphases added).

22.    Users can download and connect any mobile device to Magisto to upload and access videos and photos to produce and edit their own videos. Magisto is available through the app stores on both Android and Apple mobile devices.

23.    Unbeknownst to the average consumer, and in direct violation of § 15(b)(1) of the BIPA, Plaintiff is informed and believes that Magisto's facial recognition technology scans each and every video and photo uploaded to Magisto for faces, extracts geometric data relating to the unique points and contours (*i.e.*, biometric identifiers) of each face, and then uses that data to create and store a template of each face – all without ever informing anyone of this practice.

24.    The Magisto service uses these face templates to organize and group together videos based upon the particular individuals appearing in the videos. This technology works by comparing the face templates of individuals who appear in newly-uploaded videos or photos with the facial templates already saved in Magisto's face database. Specifically, when a Magisto user uploads a new video or photo, Magisto's sophisticated facial recognition technology creates a template for each face depicted therein, and then compares each template against Magisto's face template database. If there is a match, then the Magisto service groups the video from which the newly-uploaded face template was derived with the previously uploaded videos depicting that individual.

FILED DATE: 9/20/2019 9:24 AM 2019CH10873

25. These unique face templates are not only collected and used by Magisto to identify individuals, but also to recognize their gender, age, and location. Accordingly, Vimeo also collects "biometric information" from non-users. *See* 740 ILCS 14/10.

26. In direct violation of §§ 15(b)(2) and 15(b)(3) of BIPA, Vimeo never informed Illinois residents who had their face templates collected of the specific purpose and length of term for which their biometric identifiers or information would be collected, stored, and used, nor did Vimeo obtain a written release from any of these individuals.

27. In direct violation of § 15(a) of BIPA, Vimeo does not have written, publicly available policies identifying their retention schedules or guidelines for permanently destroying any of these biometric identifiers or information.

## IV.    Plaintiff's Experience

28. In or around December 2017, Plaintiff downloaded the Magisto app on his Android mobile device as well as his iPad. After downloading the app and logging in via his Google account, Plaintiff purchased a one-year subscription for the Magisto Professional service for approximately $120.

29. After purchasing the Magisto Professional service, Plaintiff used his Android device to take and upload numerous videos and/or photos in the State of Illinois to the Magisto app's cloud-based service while his devices were located in the State of Illinois and assigned to an Illinois-based IP address. Typically, Plaintiff's uploaded videos and photos were of him and his family, including his minor children. Plaintiff would then use the Magisto app on his iPad to edit the uploaded videos and/or create videos from the uploaded photos and videos.

30. When his annual Magisto Professional subscription expired in or around December 2018, Plaintiff did not renew the subscription. Once his annual subscription expired, Plaintiff could no longer access the edited videos of him and his family on the Magisto app. To date, the Magisto

FILED DATE: 9/20/2019 9:24 AM    2019CH10873

app remains on Plaintiff's devices but he cannot access its video content without an active subscription. Many of the photos and videos uploaded by Plaintiff also included artwork created by Plaintiff and his family members, proprietary content which they can no longer access despite creating and owning it.

31.     Immediately after upload to the Magisto app, Vimeo analyzed Plaintiff's videos and photos by automatically locating and scanning Plaintiff's face and by extracting geometric data relating to the contours of his face and the distances between his eyes, nose, and ears—data which Vimeo then used to create a unique template of Plaintiff's face.

32.     The resulting unique face template was used by Vimeo to locate and group together all videos and/or photos depicting Plaintiff for organizational purposes.

33.     Plaintiff's face template was also used by Vimeo to recognize Plaintiff's gender, age, race, and location.

34.     Plaintiff never consented, agreed, or gave permission—written or otherwise—to Vimeo for the collection or storage of his unique biometric identifiers or biometric information.

35.     Further, Vimeo never provided Plaintiff with nor did he ever sign a written release allowing Vimeo to collect or store his unique biometric identifiers or biometric information.

36.     Likewise, Vimeo never provided Plaintiff with an opportunity to prohibit or prevent the collection, storage, or use of his unique biometric identifiers or biometric information.

37.     Nevertheless, when videos and photos of Plaintiff were automatically uploaded to Magisto from within the state of Illinois, Vimeo located Plaintiff's face in the videos and/or photos, scanned Plaintiff's facial geometry, and created a unique face template corresponding to Plaintiff, all in direct violation of the BIPA.

FILED DATE: 9/20/2019 9:24 AM   2019CH10873

## CLASS ALLEGATIONS

38.     **Class Definition**: Plaintiff brings this action pursuant to 735 ILCS 5/2-801, individually on behalf of a class of similarly situated individuals, defined as follows (the "Class"):

> All Illinois citizens who are users of the Magisto service and had their biometric identifiers, including scans of face geometry, collected, captured, received, or otherwise obtained by Vimeo from videos and/or photographs uploaded within the state of Illinois.

The following are excluded from the Class: (1) any Judge presiding over this action and members of his or her family; (2) Vimeo, Vimeo's subsidiaries, parents, successors, predecessors, and any entity in which Vimeo or its parent has a controlling interest (as well as current or former employees, officers and directors); (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Vimeo's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

39.     **Numerosity**: The number of persons within the Class is substantial, believed to amount to thousands of persons. It is, therefore, impractical to join each member of the Class as a named Plaintiff. Further, the size and relatively modest value of the claims of the individual members of the Class renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation.

40.     **Commonality and Predominance**: There are well-defined common questions of fact and law that exist as to all members of the Class and that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from Class member to Class member, and which may be determined without reference to the individual circumstances of any class member include, but are not limited to, the following:

    (a)  whether Vimeo collected or otherwise obtained Plaintiff's and the Class's biometric
         identifiers or biometric information;

10

FILED DATE: 9/20/2019 9:24 AM   2019CH10873

(b)   whether Vimeo properly informed Plaintiff and the Class that it collected, used, and stored their biometric identifiers or biometric information;

(c)   whether Vimeo obtained a written release (as defined in 740 ILCS 1410) to collect, use, and store Plaintiff's and the Class's biometric identifiers or biometric information;

(d)   whether Vimeo developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of their last interaction, whichever occurs first;

(e)   whether Vimeo used Plaintiff's and the Class's biometric identifiers or biometric information to identify them; and

(f)   whether Vimeo's violations of BIPA were committed intentionally, recklessly, or negligently.

41.   **Adequate Representation:** Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiff and his counsel are committed to vigorously prosecuting this class action. Neither Plaintiff nor his counsel has any interest adverse to, or in conflict with, the interests of the absent members of the Class. Plaintiff is able to fairly and adequately represent and protect the interests of such a Class. Plaintiff has raised viable statutory claims of the type reasonably expected to be raised by members of the Class, and will vigorously pursue those claims. If necessary, Plaintiff may seek leave of this Court to amend this Class Action Complaint to include additional Class representatives to represent the Class or additional claims as may be appropriate.

42.   **Superiority:** A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and

FILED DATE: 9/20/2019 9:24 AM 2019CH10873

expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compel compliance with BIPA.

## FIRST CAUSE OF ACTION
### Violation of 740 ILCS 14/1, *et seq.*
### (On Behalf of Plaintiff and the Class)

43.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

44.     BIPA makes it unlawful for any private entity to, among other things, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b) (emphasis added).

45.     Vimeo is a Delaware corporation and thus qualifies as a "private entity" under the BIPA. *See* 740 ILCS 14/10.

46.     Plaintiff and Class members are Magisto users who had their "biometric identifiers," including scans of face geometry, collected, captured, received, or otherwise obtained by Vimeo from photos and/or videos that were uploaded to Magisto from within the state of Illinois. *See* 740 ILCS 14/10.

FILED DATE: 9/20/2019 9:24 AM  2019CH10873

47.     Plaintiff and Class members are individuals who had their "biometric information" collected by Vimeo (in the form of their gender, age and location) through Vimeo's collection and use of their "biometric identifiers."

48.     Vimeo systematically and automatically collected, used, and stored Plaintiff's and Class members' biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS 14/15(b)(3).

49.     In fact, Vimeo failed to properly inform Plaintiff or the Class in writing that their biometric identifiers and/or biometric information were being "collected or stored" on Magisto, nor did Vimeo inform Plaintiff or Class members in writing of the specific purpose and length of term for which their biometric identifiers and/or biometric information were being "collected, stored and used," as required by 740 ILCS 14/15(b)(1)-(2).

50.     In addition, Vimeo does not publicly provide a retention schedule or guidelines for permanently destroying the biometric identifiers and/or biometric information of Plaintiff or Class members, as required by BIPA. *See* 740 ILCS 14/15(a).

51.     By collecting, storing, and using Plaintiff's and the Class's biometric identifiers and biometric information as described herein, Vimeo violated the rights of Plaintiff and each Class member to keep private these biometric identifiers and biometric information, as set forth in BIPA.

52.     On behalf of himself and the proposed Class members, Plaintiff seeks: (1) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Vimeo to comply with BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein; (2) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 pursuant to 740 ILCS 14/20(1) if the Court finds that Vimeo's violations were negligent;

13

and (3) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Bradley Acaley, on behalf of himself and the proposed Class, respectfully requests that this Court enter an Order:

A. Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as representative of the Class, and appointing his counsel as Class Counsel;

B. Declaring that Vimeo's actions, as set out above, violate BIPA, 740 ILCS 14/1, *et seq.*;

C. Awarding statutory damages of $5,000.00 for each and every intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 pursuant to 740 ILCS 14/20(1) if the Court finds that Vimeo's violations were negligent;

D. Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including, *inter alia,* an order requiring Vimeo to collect, store, and use biometric identifiers or biometric information in compliance with BIPA;

E. Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

F. Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

G. Awarding such other and further relief as equity and justice may require.

## JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

Respectfully submitted,

Dated: September 20, 2019

By: /s/ Jad Sheikali

Myles McGuire
mmcguire@mcgpc.com

14

FILED DATE: 9/20/2019 9:24 AM   2019CH10873

FILED DATE: 9/20/2019 9:24 AM   2019CH10873

Jad Sheikali
jsheikali@mcgpc.com
Timothy P. Kingsbury
tkingsbury@mcgpc.com
**McGuire Law, P.C.**
55 West Wacker Drive, 9th Fl.
Chicago, Illinois 60601
Telephone: (312) 893-7002

Tina Wolfson*
twolfson@ahdootwolfson.com
Bradley King*
bking@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, California 90024
Telephone: (310) 474-9111
Facsimile: (310) 474-8585

Frank S. Hedin*
fhedin@hedinhall.com
**HEDIN HALL LLP**
1395 Brickell Avenue, Suite 900
Miami, Florida 33131
Telephone: (786) 831-6555

*Pro Hac Vice Application Forthcoming*

***Counsel for Plaintiff and the Putative Class***

FILED
9/20/2019 9:55 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH10873

6649695

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

FILED DATE: 9/20/2019 9:55 AM   2019CH10873

| | | |
|---|---|---|
| BRADLEY ACALEY, individually and on behalf of similarly situated individuals, | ) ) ) ) | No. 2019-CH-10873 |
| *Plaintiff,* | ) ) | Hon. Sophia H. Hall |
| v. | ) ) | |
| VIMEO, INC., a Delaware corporation. | ) ) | |
| *Defendant.* | ) ) | |

_____

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION OR, ALTERNATIVELY,
FOR A DEFERRED CLASS CERTIFICATION RULING PENDING DISCOVERY**

Plaintiff Bradley Acaley, by and through his undersigned counsel, pursuant to 735 ILCS 5/2-801, moves for entry of an order certifying the Class proposed below, appointing Plaintiff as Class Representative, and appointing Plaintiff's attorneys as Class Counsel. Alternatively, Plaintiff requests, to the extent the Court determines further evidence is necessary to prove any element of 735 ILCS 5/2-801, that the Court defer consideration of this Motion pending a reasonable period to complete discovery. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶¶ 42–43 (citing *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896–97 (7th Cir. 2011). In support of his Motion, Plaintiff submits the following Memorandum of Law.

Respectfully submitted,

Dated: September 20, 2019

By: /s/ Jad Sheikali

Myles McGuire
mmcguire@mcgpc.com
Jad Sheikali
jsheikali@mcgpc.com
Timothy P. Kingsbury
tkingsbury@mcgpc.com

1

FILED DATE: 9/20/2019 9:55 AM   2019CH10873

**McGuire Law, P.C.**
55 West Wacker Drive, 9th Fl.
Chicago, Illinois 60601
Telephone: (312) 893-7002

Tina Wolfson*
twolfson@ahdootwolfson.com
Bradley King*
bking@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, California 90024
Telephone: (310) 474-9111
Facsimile: (310) 474-8585

Frank S. Hedin*
fhedin@hedinhall.com
**HEDIN HALL LLP**
1395 Brickell Avenue, Suite 900
Miami, Florida 33131
Telephone: (786) 831-6555

*Pro Hac Vice Application Forthcoming*

***Counsel for Plaintiff and the Putative Class***

FILED DATE: 9/20/2019 9:55 AM   2019CH10873

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
## MOTION FOR CLASS CERTIFICATION OR, ALTERNATIEY, FOR
## A DEFFERED CLASS CERTIFICATION RULING PENDING DISCOVERY

This Court should certify a class of Illinois residents whose biometric identifiers and biometric information were captured, collected, stored, and used by Vimeo, Inc. ("Defendant"). Defendant, a globally prominent video sharing platform, rely on new technologies, including biometrically-enabled technologies, to gather biometric information involving details about the face's geometry as determined by facial points and contours for unwitting individuals whose faces appear in the photographs and/or videos uploaded to the site, has violated Illinois law by capturing, collecting, storing and using individuals' biometrics without obtaining proper consent, by failing to provide such individuals with a retention schedule explaining how long such biometric information and biometric identifiers are used and stored, and when they will be destroyed and by transmitting said biometric information to third parties without the consent of Plaintiff or the putative class. After Plaintiff learned of Defendant wrongful conduct, he brought suit on behalf of a class of similarly situated individuals to put a stop to Defendant's capture, collection, storage and use of biometric identifiers and/or biometric information in violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), and to obtain redress for all persons injured by its conduct.

## I.    INTRODUCTION: BIPA

The Illinois Biometric Information Protection Act, or BIPA, is designed to protect individuals' personal biometric information. Under BIPA, biometric identifiers include fingerprints and handprints, vocal identifiers, and detailed geometric maps of the face; while biometric information can be defined as any information based on a biometric identifier, regardless of how it is converted or stored. (Complaint, "Compl.," ¶ 13.) In recognition of the importance of

the security of individuals' biometrics, the Illinois Legislature enacted BIPA, which provides, *inter alia*, that private entities, such as Defendant, may not obtain and/or possess an individual's biometrics unless they: (1) inform that person in writing that biometric identifiers or information will be captured, collected, stored, or used; (2) inform that person in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being captured, collected, stored, and used; (3) received a written release from the person for the collection of his or her biometric identifiers and/or information; and (4) publish publicly and make available a written retention schedule and guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/5. (Compl. ¶ 3.)

## II. FACTUAL BACKGROUND

### A. The Underlying Misconduct.

Defendant has taken the biometrics of at least thousands of people within the state of Illinois. (Compl., ¶¶ 20, 39.) During the relevant period, Defendant implemented biometric scanning and facial recognition technology to collect facial identifiers and form "facial templates" (or "face prints") from thousands of users and non-users who appear in photos and videos uploaded to the app, including Plaintiff, in Illinois. (Compl. ¶ 24.) Each face template that Defendant extracts is unique to the particular individual in the same way a fingerprint or voiceprint is unique to the individual. (Compl. ¶ 5.) Defendant uses their biometric technology to capture, collect, and store Plaintiff's and other Class member's biometrics. (Compl. ¶ 25.)

However, Defendant failed to obtain informed consent from the individuals prior to capturing and collecting their biometric information, Defendant failed to provide individuals with a retention schedule and deletion policies which detail how and when Defendant would retain and then destroy the individuals' biometric information and/or biometric identifiers and, finally,

FILED DATE: 9/20/2019 9:55 AM   2019CH10873

FILED DATE: 9/20/2019 9:55 AM   2019CH10873

Defendant did not obtain consent to transmit or disseminate Plaintiff's biometrics to third parties. (Compl. ¶¶ 20-27.) On information and belief, Defendant does not have a policy of informing individuals in any way what happens to their biometric information after it is collected and obtained, whether they still retain his biometrics, and if they do, for how long they intend to retain such information without his consent, whether the information is transmitted to a third party and, if so, which third party. Despite their practice of taking the biometric information of every individual who uses their biometric technology, Defendant failed to comply with BIPA's statutory requirements regarding collection of biometric identifiers and biometric information.

### B.      The Proposed Classes

Plaintiff brings this action on behalf of himself and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> Class: All Illinois citizens who are users of the Magisto service and had their biometric identifiers, including scans of face geometry, collected, captured, received, or otherwise obtained by Vimeo from videos and/or photographs uploaded within the state of Illinois.

(Compl. ¶ 38.) As explained below, the proposed Class satisfies each of the four requirements for certification under Section 2-801 of the Illinois Code of Civil Procedure—numerosity, commonality, adequacy of representation, and fair and efficient adjudication. A class action is not just appropriate here, it is also the only way that the members of the putative Class can obtain appropriate redress for Defendant's unlawful conduct.

### III.   **ARGUMENT**

### A.      **Standards for Class Certification**

To obtain class certification, it is not necessary for a plaintiff to establish that he will prevail on the merits of the action. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) ("[T]he question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the

5

FILED DATE: 9/20/2019 9:55 AM    2019CH10873

merits, but rather whether the requirements of Rule 23 are met." (internal quotation marks and citation omitted)). As such, in determining whether to certify a proposed class, the Court should accept the allegations of the complaint as true. *Ramirez v. Midway Moving & Storage, Inc.*, 378 Ill. App. 3d 51, 53 (1st Dist. 2007).

To proceed with a class action, the movant must satisfy the "prerequisites for the maintenance of a class action" set forth in Section 2-801 of the Illinois Code of Civil Procedure, which provides:

> An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:
>
> (1)   The class is so numerous that joinder of all members is impracticable.
> (2)   There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.
> (3)   The representative parties will fairly and adequately protect the interest of the class.
> (4)   The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801. As demonstrated below, each prerequisite is established for the Class, and the Court should therefore certify the proposed Class.

Section 2-801 is modeled after Rule 23 of the Federal Rules of Civil Procedure and "federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 125 (Ill. 2005). Circuit courts have broad discretion in determining whether a proposed class meets the requirement for class certification and ought to err in favor of maintaining class certification. *Ramirez*, 378 Ill. App. 3d at 53. While a court may rule on class certification without requiring further discovery, *see* Manual for Complex Litigation (Fourth) § 21.14, at 255 (2004), courts have found that discovery is helpful prior to addressing a motion for class certification. *See, e.g., Ballard*

FILED DATE: 9/20/2019 9:55 AM 2019CH10873

*RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶ 42 ("If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation.") (quoting *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011)).

All the prerequisites for class certification are satisfied here, even though Plaintiff has not yet had an opportunity to engage in and complete discovery. However, in the interests of establishing a more fully developed record before ruling on class certification issues, the Court should defer ruling on this Motion pending the completion of discovery and submission of supplemental briefing.

### B. The Numerosity Requirement is Satisfied

The first step in certifying a class is a showing that "the class is so numerous that joinder of all members is impracticable." 735 ILCS 5/2-801(1). This requirement is met when "join[ing] such a large number of plaintiffs in a single suit would render the suit unmanageable and, in contrast, multiple separate claims would be an imposition on the litigants and the courts." *Gordon v. Boden*, 224 Ill. App. 3d 195, 200 (1st Dist. 1991) (citing *Steinberg v. Chicago Med. Sch.*, 69 Ill.2d 320, 337 (Ill. 1977)). To satisfy this requirement a plaintiff need not demonstrate the exact number of class members but, must offer a good faith estimate as to the size of the class. *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 659 (N.D. Ill. 2006).

Plaintiff alleges that there are at least thousands of members of the Class. (Complaint at ¶ 39.) Because definitive evidence of numerosity can only come from the records of Defendant and its agents, it is proper to rely upon the allegations of the Complaint in certifying the Class. *See* 2 A. Conte & H. Newberg, Newberg on Class Actions § 7.20, at 66 (stating that where numerosity information is in the sole possession of the party opposing the class, courts generally rely on the

FILED DATE: 9/20/2019 9:55 AM   2019CH10873

complaint as prima facie evidence or defer ruling).

Additionally, the members of the putative Class can be easily and objectively determined from Defendant's records. Furthermore, it would be completely impracticable to join the claims of the members of the Class, because they are disbursed throughout Illinois, and because absent a class action, few members could afford to bring an individual lawsuit over the amounts at issue in this case, since each individual member's claim is relatively small. *See Gordon*, 224 Ill. App. 3d at 200. Accordingly, the first prerequisite for class certification is met.

### C.    Common Questions of Law and Fact Predominate

The second requirement of Section 2-801(2) is met where there are "questions of fact or law common to the class" and those questions "predominate over any questions affecting only individual members." 735 ILCS 5/2-801(2). Such common questions of law or fact exist when the members of the proposed class have been aggrieved by the same or similar misconduct. *See Miner v. Gillette Co.,* 87 Ill.2d 7, 19 (Ill. 1981); *Steinberg*, 69 Ill.2d at 342. These common questions must also predominate over any issues affecting individual class members. *See O-Kay Shoes, Inc. v. Rosewell*, 129 Ill. App. 3d 405, 408 (1st Dist. 1984).

Here, the claims of the Class members arise out of the same activity by Defendant, are based on the same legal theory, and implicate, among others, the following common issues: whether Defendant made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometrics; whether Defendant obtained a written release from the Class before capturing, collecting, or otherwise obtaining their biometrics; whether Defendant provided a written disclosure that explains the specific purposes, and the length of time, for which their biometrics were being collected, stored and used before taking their biometrics; whether Defendant's conduct violates BIPA; whether Defendant's conduct is fraudulent; whether

FILED DATE: 9/20/2019 9:55 AM    2019CH10873

Defendant's violations of the BIPA are willful or reckless; and whether Plaintiff and the Class are entitled to damages and injunctive relief. (Compl. ¶ 40.)    As alleged, and as will be shown through obtainable evidence, Defendant engaged in a common course of conduct by collecting, capturing, storing and/or or using the biometrics of Class members without retaining a written release and without providing a retention schedule to them or to the public. Any potential individualized issues remaining after common issues are decided would be *de minimis*. Accordingly, common issues of fact and law predominate over any individual issues, and Plaintiff have satisfied this hurdle to certification.

### D.    Adequate Representation

The third prong of Section 2-801 requires that "[t]he representative parties will fairly and adequately protect the interest of the class." 735 ILCS 5/2-801(3). The class representative's interests must be generally aligned with those of the class members, and class counsel must be "qualified, experienced and generally able to conduct the proposed litigation." *See Miner*, 87 Ill.2d at 14; *see also Eshaghi v. Hanley Dawson Cadillac Co., Inc.*, 214 Ill. App. 3d 995, 1000 (1st Dist. 1991). The purpose of this adequacy of representation requirement is "to insure that all Class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim." *Purcell & Wardrope Chtd. v. Hertz Corp.*, 175 Ill. App. 3d 1069, 1078 (1st Dist. 1988).

In this case, Plaintiff has the exact same interest as the members of the proposed Class. Plaintiff has alleged that, like the other members of the Class, he was subjected to Defendant's biometric facial recognition technology and that Defendant captured, collected, and stored his biometrics. Plaintiff has also alleged that Defendant did so without complying with the BIPA's requirements. Plaintiff's pursuit of this matter against Defendant demonstrates that he will be a

FILED DATE: 9/20/2019 9:55 AM 2019CH10873

zealous advocate for the Class. Further, proposed class counsel has regularly engaged in major complex and class action litigation in state and federal courts and have been appointed as class counsel in several complex consumer class actions. (*See* Declaration of Jad Sheikali, attached hereto as Exhibit A, at ¶ 5.) Accordingly, the proposed class representative and proposed class counsel will adequately protect the interests of the members of the Classes, thus satisfying Section 2-801(3).

### E.    Fair and Efficient Adjudication of the Controversy

The final requirement for class certification under 5/2-801 is met where "the class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801(4). "In applying this prerequisite, a court considers whether a class action: (1) can best secure the economies of time, effort and expense, and promote uniformity; or (2) accomplish the other ends of equity and justice that class actions seek to obtain." *Gordon*, 224 Ill. App. 3d at 203. In practice, a "holding that the first three prerequisites of section 2-801 are established makes it evident that the fourth requirement is fulfilled." *Gordon*, 224 Ill. App. 3d at 204; *Purcell & Wardrope Chtd.*, 175 Ill. App. 3d at 1079 ("The predominance of common issues [may] make a class action . . . a fair and efficient method to resolve the dispute."). Because numerosity, commonality and predominance, and adequacy of representation have been satisfied in the instant case, it is "evident" that the appropriateness requirement is met as well.

Other considerations further support certification in this case. A "controlling factor in many cases is that the class action is the only practical means for class members to receive redress." *Gordon*, 586 N.E.2d at 467; *Eshaghi*, 574 N.E.2d at 766 ("In a large and impersonal society, class actions are often the last barricade of...protection."). A class action is superior to multiple individual actions "where the costs of litigation are high, the likely recovery is limited" and

FILED DATE: 9/20/2019 9:55 AM 2019CH10873

individuals are unlikely to prosecute individual claims absent the cost-sharing efficiencies of a class action. *Maxwell*, 2004 WL 719278, at *6. This is especially true in cases involving data privacy violations and data breaches, which can involve significant injury to the those effected, but result in many small, individual claims. Here, absent a class action, most members of the Class would find the cost of litigating their statutorily-limited claims to be prohibitive, and multiple individual actions would be judicially inefficient. *Id.*

Certification of the proposed Class is necessary to ensure that Defendant's conduct becomes compliant with BIPA, to ensure that the Class members' privacy rights in their biometrics are sufficiently protected, and to compensate those individuals who have had their statutorily-protected privacy rights violated and who have not been informed as to the status of their own biometric information. Were this case not to proceed on a class-wide basis, it is unlikely that any significant number of Class members would be able to obtain redress, or that Defendant would willingly implement the procedures necessary to comply with the statute. Thus, proceeding as a class action here is an appropriate method to fairly and efficiently adjudicate the controversy.

## IV.   **CONCLUSION**

For the foregoing reasons, the requirements of 735 ILCS 5/2-801 are satisfied. Plaintiff respectfully request that the Court enter an Order certifying the proposed Class, appointing Plaintiff as Class Representative, appointing McGuire Law, P.C. as Class Counsel, and awarding such additional relief as the Court deems reasonable. Alternatively, the Court should defer ruling on this Motion pending the completion of appropriate discovery and supplemental briefing.

Respectfully submitted,

Dated:   September 20, 2019                     By: /s/  Jad Sheikali

Myles McGuire
mmcguire@mcgpc.com

11

FILED DATE: 9/20/2019 9:55 AM   2019CH10873

Jad Sheikali
jsheikali@mcgpc.com
Timothy P. Kingsbury
tkingsbury@mcgpc.com
**McGuire Law, P.C.**
55 West Wacker Drive, 9th Fl.
Chicago, Illinois 60601
Telephone: (312) 893-7002

Tina Wolfson*
twolfson@ahdootwolfson.com
Bradley King*
bking@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, California 90024
Telephone: (310) 474-9111
Facsimile: (310) 474-8585

Frank S. Hedin*
fhedin@hedinhall.com
**HEDIN HALL LLP**
1395 Brickell Avenue, Suite 900
Miami, Florida 33131
Telephone: (786) 831-6555

*Pro Hac Vice Application Forthcoming*

***Counsel for Plaintiff and the Putative Class***

FILED DATE: 9/20/2019 9:55 AM   2019CH10873

## **CERTIFICATE OF FILING**

The undersigned, an attorney, hereby certifies that on September 20, 2019, a copy of *Plaintiff's Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery* was filed electronically with the Clerk of Court using the e-filing system.

_Jad Sheikali_

FILED
9/20/2019 9:55 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH10873

6649695

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

BRADLEY ACALEY, individually and )
on behalf of similarly situated )
individuals, )
         )
         *Plaintiff,* )
         )
         v. )
         )
VIMEO, INC., a Delaware corporation. )
         )
         *Defendant.* )
         )

No. 2019-CH-10873

Hon. Sophia H. Hall

## DECLARATION OF JAD SHEIKALI

I, Jad Sheikali, hereby aver, pursuant to 735 ILCS 5/1-109, that I have personal knowledge of all matters set forth herein unless otherwise indicated and would testify thereto if called as a witness in this matter.

1.      I am an adult over the age of 18 and a resident of the State of Illinois.

2.      I am fully competent to make this Declaration and I do so in support of Plaintiff's Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery.

3.      I am an associate of the law firm McGuire Law, P.C. I am licensed to practice law in the State of Illinois, and I am one of the attorneys representing the Plaintiff in this matter.

4.      McGuire Law, P.C. is a litigation firm based in Chicago, Illinois that focuses on class action litigation, representing clients in both state and federal trial and appellate courts throughout the country.

5.      The attorneys of McGuire Law, P.C. have regularly engaged in complex litigation on behalf of consumers and have extensive experience prosecuting class action lawsuits similar in

1

FILED DATE: 9/20/2019 9:55 AM 2019CH10873

size and complexity to the instant case. Attorneys at my firm have served as class counsel in numerous complex consumer class actions. *See, e.g., Shen et al v. Distributive Networks, Inc.* (N.D. Ill. 2007); *McFerren et al v. AT&T Mobility, LLC* (Sup. Ct. Fulton County, Ga. 2008); *Gray et al v. Mobile Messenger Americas, Inc. et al.,* (S.D. Fla. 2008); *Gresham et al v. Keppler & Associates, LLC et al.,* (Sup. Ct. Los Angeles County, Cal. 2008); *Weinstein et al v. The Timberland Co., et al.* (N.D. Ill. 2008); *Sims et al v. Cellco Partnership* et al., (N.D. Cal. 2009); *Van Dyke et al v. Media Breakaway, LLC et al.,* (S.D. Fla. 2009); *Paluzzi, et al. v. mBlox, Inc., et al.,* (Cir. Ct. Cook County, Ill. 2009); *Valdez et al v. Sprint Nextel Corporation* (N.D. Cal. 2009); *Parone et al v. m-Qube, Inc. et al.,* (Cir. Ct. Cook County, Ill. 2010); *Satterfield et al v. Simon & Schuster* (N.D. Cal. 2010); *Espinal et al v. Burger King Corporation et al.,* (S.D. Fla. 2010); *Lozano v. Twentieth Century Fox,* (N.D. Ill. 2011); *Williams et al v. Motricity, Inc. et al.,* (Cir. Ct. Cook County, Ill. 2011); *Walker et al v. OpenMarket, Inc. et al.,* (Cir. Ct. Cook County, Ill. 2011); *Schulken at al v. Washington Mutual Bank, et al.,* (N.D. Cal. 2011); *In re Citibank HELOC Reduction Litigation* (N.D. Cal 2012); *Kramer et al v. Autobytel* et al., (N.D. Cal. 2011); *Rojas et al v. Career Education Co.* (N.D. Ill. 2012); *Ellison et al v. Steven Madden, Ltd.* (C.D. Cal. 2013); *Robles et al v. Lucky Brand Dungarees, Inc.* et al., (N.D. Cal. 2013); *Pimental et al v. Google, Inc. et al.,* (N.D. Cal. 2013); *In re Jiffy Lube Spam Text Litigation* (S.D. Cal. 2013); *Lee et al v. Stonebridge Life Ins. Co. et al.,* (N.D. Cal. 2013); *Gomez et al v. Campbell-Ewald Co.* (C.D. Cal. 2014); *Murray et al. v. Bill Me Later, Inc.,* 12-cv-4789 (N.D. Ill. 2014); *Valladares et al v. Blackboard, Inc.* (Cir. Ct. Cook County, Ill. 2016); *Hooker et al. v. Sirius XM Radio, Inc.* (E.D. Va. 2016); *Seal et al. v. RCN Telecom Services, LLC,* (Cir. Ct. Cook County, Ill. 2017); *Manouchehri, et al. v. Styles for Less, Inc., et al.,* (S.D. Cal. 2017); *Vergara et al. v. Uber*

2

FILED DATE: 9/20/2019 9:55 AM  2019CH10873

*Technologies, Inc.* (N.D. Ill. 2017); *Flahive et al v. Inventurus Knowledge Solutions, Inc.* (Cir. Ct. Cook County 2017).

6.      I am a graduate of Loyola University Chicago School of Law. I have been practicing law since 2016 and have been admitted to practice in the Illinois Supreme Court and in the U.S. District Court for the Northern District of Illinois. I am a Certified Information Privacy Professional, United States Private Sector (CIPP/US).

7.      McGuire Law, P.C. has diligently investigated the facts and claims in this matter and will continue to diligently investigate and prosecute this matter. McGuire Law, P.C. has also dedicated substantial resources to this matter and will continue to do so.  McGuire Law, P.C. has the financial resources necessary to fully prosecute this action through trial and to provide the necessary and appropriate notice to the class members should this proposed class be certified.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 20, 2019, in Chicago, IL.


                              /s/   Jad Sheikali_____
                              *One of Plaintiff's Attorneys*

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| **SUMMONS** | **ALIAS - SUMMONS** |

(2/28/11) CCG N001

FILED DATE: 9/27/2019 12:03 PM 2019CH10873

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

FILED
9/27/2019 12:03 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH10873

No. 2019CH10873

VIMEO, Inc.                    6746151

c/o The Corporation Trust Company,

Corporation Trust Center, 1209 Orange St. Wilmington, DE 19801

BRADLEY ACALEY, individually and on behalf of a class of similarly situated individuals,

(Name all parties)

v.

VIMEO, INC.,

## ◉ SUMMONS  ◯ ALIAS SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

◉ **Richard J. Daley Center, 50 W. Washington, Room** 802 **, Chicago, Illinois 60602**

| | | |
|---|---|---|
| ◯ **District 2 - Skokie**<br>5600 Old Orchard Rd.<br>Skokie, IL 60077 | ◯ **District 3 - Rolling Meadows**<br>2121 Euclid<br>Rolling Meadows, IL 60008 | ◯ **District 4 - Maywood**<br>1500 Maybrook Ave.<br>Maywood, IL 60153 |
| ◯ **District 5 - Bridgeview**<br>10220 S. 76th Ave.<br>Bridgeview, IL 60455 | ◯ **District 6 - Markham**<br>16501 S. Kedzie Pkwy.<br>Markham, IL 60428 | ◯ **Child Support**<br>28 North Clark St., Room 200<br>Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 56618

Name: McGuire Law, P.C.

Atty. for: Plaintiff

Address: 55 W. Wacker Drive, 9th Floor

City/State/Zip: Chicago, IL 60601

Telephone: (312) 853-2490

WITNESS, _____, _____

9/27/2019 12:03 PM DOROTHY BROWN

_____
Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____

(Area Code)    (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**